UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
EMMA BOTTOMLEY,

                                                      **AMENDED COMPLAINT**
                    Plaintiff,

   -against-                                **Demand for Trial by Jury**

CITY OF NEW YORK, CARLOS HILLS,         ECF Case
BRIAN HINTON, and JOHN or JANE DOE 1-10,  Docket No.: 21-cv-08449 (GHW)

                    Defendants.

-----------------------------------------------------------------------X

Plaintiff, EMMA BOTTOMLEY, by and through the undersigned attorneys, Sim & DePaola, LLP, as and for her complaint against the Defendants, City of New York, individually and in their official capacities as police officers, Carlos Hills, Brian Hinton, and John or Jane Doe 1-10, alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is a civil rights action, in which Plaintiff seeks relief, vis-à-vis 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988, the laws of the State of New York, in addition to the self-executing clauses or implied private causes of action within the New York State Constitution, for the violations of her civil rights, as guaranteed and protected by the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, as well as the Laws and Constitution of the State of New York.

2. These claims arose on September 19, 2020 when Defendants, acting under color of state law, acting under color of state law, unlawfully assaulted, battered, and subjected to excessive, unjustified and unnecessary force. As a result, Plaintiff was deprived of her liberty and suffered various physical, emotional and psychological injuries.

3.  The above referenced acts caused Plaintiff to be deprived of her liberty, denied her rights to due process and equal protection of the laws, as well as to sustain various emotional and physical injuries.

4.  Plaintiff seeks monetary damages (compensatory and punitive) against Defendants, an award of costs and attorneys' fees, and such other and further relief as the Court may deem just and proper.

## JURISDICTION AND VENUE

5.  This action was initially brought under New York County Supreme Court Index No. 158385/2020 and removed to the United States District Court for the Southern District of New York on or about October 13, 2021.

## PARTIES

6.  Plaintiff, Ms. Emma Bottomley ("Ms. Bottomley"), is an adult, female, who presently resides in Brooklyn, New York.

7.  Defendant, City of New York ("City"), is a municipal corporation duly organized and existing under the laws of the State of New York.

8.  At all relevant times herein, Defendant City, acting through the New York City Police Department ("NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, screening, hiring, training, supervision, discipline, retention and conduct of all NYPD personnel, including police officers, detectives, investigators, sergeants, lieutenants and other supervisory officers or officials, as well as the individually named NYPD Defendants herein.

9. At all relevant times herein, Defendant, City, was responsible for enforcing the rules or regulations of the NYPD, and for ensuring that the NYPD personnel obey the laws and constitutions of the United States and the State of New York.

10. At all relevant times herein, Defendant, CARLOS HILLS ("Hills"), was a police officer, supervisor or policy maker employed by the NYPD and, as such, was acting in the capacity of an agent, servant and employee of Defendant City. At all relevant times herein, Defendant Hills was assigned Shield No. 446 and was further assigned to NYPD Strategic Response Group #4. Defendant Hills is being sued in his individual and official capacities.

11. At all relevant times herein, Defendant, BRIAN HINTON ("Hinton"), was a police officer, supervisor or policy maker employed by the NYPD and, as such, was acting in the capacity of an agent, servant and employee of Defendant City. At all relevant times herein, Defendant Hinton was assigned Shield No. 13916 and was further assigned to NYPD Strategic Response Group #4. Defendant Hinton is being sued in his individual and official capacities.

12. At all relevant times, Defendants John or Jane Doe 1 through 10 were police officers, detectives, sergeants, supervisors, policymakers or officials employed by the NYPD or City of New York. At this time, Plaintiff does not know the true names or tax registry numbers of Defendants, John or Jane Doe 1 through 10, as such knowledge is within the exclusive possession of Defendants. The names John or Jane Doe 1 through 10 are fictitious and meant as placeholders for the other NYPD officers and personnel who took part in the false arrest, ass and excessive force app-lied against Plaintiff.

13. At all relevant times herein, Defendants John or Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York, or the NYPD. Defendants John or Jane Doe 1 through 10 are being sued in their individual and official capacities.

14. The names JOHN OR JANE DOE 1 – 10 are fictitious and meant as placeholders for the NYPD officers who (1) shoved, (2) struck, (3) assaulted, (4), battered, (5) retaliated against Plaintiff for being a lawful protestor exercising her First Amendment right, and (6) who aided, abetted, assisted, and acted in concert with the other defendants to do the same.

15. Plaintiff timely filed her notice of Claim in compliance with the General Municipal Law.

16. More than thirty (30) days have elapsed from the filing of the Notice of Claim and this matter has neither been settled nor adjusted.

17. Plaintiff gave sworn testimony at a hearing held pursuant to GML 50-h.

18. This action was brough within one (1) year and ninety (90) days since the complained-of acts occurred.

19. At all relevant times herein, Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City or State of New York.

20. At all relevant times herein, Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City or State of New York.

**FACTUAL CHARGES**

21. On or about September 19, 2020 at approximately 2:00 p.m. in the vicinity of Times Square at the intersection of 45th Street and Broadway New York, New York. Ms. Bottomley was illegally targeted for adverse police action, by Defendants, including Hill, Hinton and John or Jane Doe 1-10 because she was an attendee at a law enforcement/ ICE accountability protest and because they disagreed with the content of her speech.

22. Plaintiff was lawfully present at aforesaid location when she was confronted and assaulted by Defendants, including Hill, Hinton and John or Jane Doe 1-10.

23. Defendants', including Hill, Hinton and John or Jane Doe 1-10, forcibly and illegally shoved, and slammed Plaintiff into her bicycle.

24. At no time did Plaintiff give Defendants, Hill, Hinton and John or Jane Doe 1-10 a reason, consent, or justification to commit aforesaid violent acts.

25. Plaintiff was seized in an unlawful and excessive manner by Defendants, including Hill, Hinton and John or Jane Doe 1-10. At no time did Defendants, including Hill, Hinton and John or Jane Doe 1-10, observe Plaintiff committing a crime or violation of the law. At no time did Plaintiff resist, fight or present a physical threat to herself, third persons or Defendants.

26. Plaintiff had assaults and batteries committed to his person including being shoved and slammed into the top bar of her lawfully possessed bicycle.

27. Defendants, including Hill, Hinton and John or Jane Doe 1-10 have displayed a pattern and practice of using excessive and unreasonable force including in retaliation against speech which they do not like or agree with.

28. During all of the events described, the Defendants, including Hill, Hinton and John or Jane Doe 1-10 acted maliciously and with intent to injure lawful protestors including Plaintiff.

29. As a result, Plaintiff developed a severe fear of police officers and of the lawful exercise of her Constitutional rights to free speech and peaceful assembly, which prevented her from venturing from her home for a period of time and has further effectively permanently chilled her desire and ability to engage in protected free speech activities.

30. Defendants, including Hill, Hinton and John or Jane Doe 1-10, engaged in a conspiracy to assault, batter, and injure lawful protestors including Plaintiff in order to chill their exercise of speech directed toward law enforcement accountability by personally conferring with each other.

31. Plaintiff asserts that the Defendants, including Hill, Hinton and John or Jane Doe 1-10, who violated Plaintiff's civil rights, are part of a larger pattern and practice of similar misconduct, including violently stifling lawful and peaceful protests, assaulting and battering persons whose politics do not conform to their own, and engaging in brutality against marchers, protestors and other citizens in the wake of the George Floyd and other high profile police killings which forms the backdrop and impetus of the subject incident. The aforesaid pattern and practice of utilizing excessive, unwarranted and unreasonable force against protestors, which is so widespread, pervasive and consistent throughout the NYPD and the City of New York that the commission such constitutionally violative behavior has become tantamount to an official policy or custom within the NYPD and City of New York or, at the very least, conclusive evidence that the City and the NYPD have either tacitly approved of such egregious wrongdoings or that they have become deliberately indifferent to the civil rights of those who may come into contact with their police officers.

32. The individually named Defendants herein, as well as other officers serving in the employ of the NYPD and City of New York, have blatantly, shamelessly, consistently and repeatedly engaged in conduct violative of the civil rights guaranteed and protected by the Constitution of the United States, in addition to the laws and Constitution of the State of New York, all without incurring any ramifications for such misconduct and, ostensibly, with the full and complete blessing of the NYPD, the City of New York and their respective policymakers and supervisors.

33. Upon information and belief, the NYPD, the City of New York, and their respective policymakers, officials or supervisors have imposed, tacitly approved or acquiesced to policies, customs, or patterns and practices within the NYPD that resulted in the use of excessive and unlawful force in order to chill Plaintiff's lawful exercise of free speech.

34. Upon information and belief, the NYPD, the City of New York, and their respective policymakers or supervisors have failed to provide adequate training regarding the appropriate and reasonable use of force and what constitutes lawful and constitutionally protected free speech activities.

35. Defendants' actions, pursuant to the complained-of incident, were so blatantly violative of Plaintiff's civil rights that the tacit approval of identical or similar acts by the policymakers or supervisors of the NYPD and the City of New York, as well as their deliberate indifference towards the rights of any individuals who may come into contact with Defendants, should be inferred, because such flagrant deprivations of constitutionally protected rights could not and would not occur without the tacit approval or deliberate indifference regarding the commission of such violations by the policymakers or supervisors of the NYPD and City of New York.

36. Police brutality inflicted on peaceful protestors by the NYPD in the wake of the police-murder of George Floyd killing has garnered and generated extensive media coverage.

37. Upon information and belief, further details and facts, relating to the unlawful policies, customs or patterns and practices of the NYPD, City of New York and their respective policymakers, supervisors, police officers or employees, will become known after the completion of discovery, as such information is presently within the exclusive possession of Defendants, the NYPD and City of New York.

38. Upon information and belief, the personnel files, records and disciplinary histories of the officer Defendants will reveal a history of Constitutional violations indicative of Defendant City's knowledge that the individual officer Defendants were unfit for employment as NYPD officers, or for employment in general, and that the probability of the individually named Defendants committing similar violations in the future was extremely high.

39. Upon information and belief, said personnel files, records and disciplinary histories will conclusively show that the City and the NYPD were fully aware of Defendants' past constitutional violations, the unacceptably high probability for the recurrence of similar transgressions, the unreasonably dangerous situations that were likely to result from their hiring or retention, as well as their unsuitability for employment as law enforcement officers, or for employment in general, and that the NYPD and City of New York failed to engage in any preventive or corrective action intended to diminish the likelihood of recurrence for such violations, which is tantamount to the City's tacit approval of such misconduct or the City's deliberate indifference towards the civil rights of those who may interact with its employees, including Defendants, Hill, Hinton and John or Jane Doe 1-10.

40. Upon information and belief, the individually named Defendants have combined to be named as Defendants in numerous lawsuits that have accused them of committing violations similar or identical to those alleged herein, all of which have resulted no disciplinary or corrective action of any kind.

41. Upon information and belief, the NYPD and City of New York and have failed, or outright refused, to correct the individually named Defendants' predilections to engage in unconstitutional behavior or attempt to prevent the recurrence of such misconduct

42. The aforementioned acts of Defendants, including Hill, Hinton and John or Jane Doe 1-10, directly or proximately resulted in the deprivation or violation of Plaintiff's civil rights, as guaranteed and protected by the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, as well as the laws and Constitution of the State of New York.

43. As a direct or proximate result of said acts, Plaintiff was caused to suffer the loss of her liberty, irreparable reputational harm, loss of earnings and potential earnings, physical injury, as well as severe and permanent emotional distress, including fear, embarrassment, humiliation, traumatization, frustration, extreme inconvenience, and anxiety.

## FIRST CAUSE OF ACTION
Free Speech Retaliation Claim Under
New York State Law

44. The above paragraphs are here incorporated by reference as though fully set forth herein.

45. Plaintiff engaged in speech and activities that were protected by Article I, Section 8, of the New York State Constitution.

46. Defendants committed impermissible or unlawful actions against Plaintiff that were motivated or substantially caused by Plaintiff's constitutionally protected speech or activities.

47. Defendants' retaliatory actions against Plaintiff resulted in the deprivation of her liberty.

48. Defendants' retaliatory actions adversely affected Plaintiff's protected speech or activities by physically or procedurally preventing her from further pursuing said protected speech or activities or by chilling his desire to further participate or engage in such protected speech or activities.

49. Accordingly, Plaintiff's right to engage in protected speech and activities, guaranteed and protected by Article I, Section 8, of the New York State Constitution, was violated by Defendants.

50. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoings, under the doctrine of *respondeat superior*.

51. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**SECOND CAUSE OF ACTION**
First Amendment Retaliation Claim Under
42 U.S.C. § 1983 Against Individual Defendants

52. The above paragraphs are here incorporated by reference as though fully set forth herein.

53. Plaintiff engaged in speech and activities that were protected by the First Amendment to the United States Constitution.

54. Defendants committed impermissible or unlawful actions against Plaintiff that were motivated or substantially caused by Plaintiff's constitutionally protected speech or activities.

55. Defendants' retaliatory actions against Plaintiff resulted in the deprivation of her liberty and the initiation of criminal charges against him.

56. Defendants' retaliatory actions adversely affected Plaintiff's protected speech or activities by physically or procedurally preventing him from further pursuing said protected speech or activities, or by chilling her desire to further participate or engage in such protected speech or activities.

57. Accordingly, Plaintiff's right to engage in protected speech and activities, as guaranteed and protected by the First Amendment to the United States Constitution, was violated by Defendants.

58. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### THIRD CAUSE OF ACTION
Unlawful Search and Seizure Under
New York State Law

59. The above paragraphs are here incorporated by reference as though fully set forth herein.

60. Defendants subjected Plaintiff and her property to unreasonable searches and seizures without a valid warrant and without reasonable suspicion or probable cause do so.

61. Plaintiff was conscious and fully aware of the unreasonable searches and seizures to her person and property.

62. Plaintiff did not consent to the unreasonable searches and seizures to her person or property.

63. The unreasonable searches and seizures to Plaintiff's person and property were not otherwise privileged.

64. Accordingly, Defendants violated Plaintiff's right to be free from unreasonable searches and seizures, pursuant to Article I, Section 12, of the New York State Constitution and Article II, Section 8, of the New York Civil Rights Law.

65. Defendant City of New York, as employer of the individual Defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

66. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FOURTH CAUSE OF ACTION
Unlawful Search and Seizure Under
42 U.S.C. § 1983 Against Individual Defendants

67. The above paragraphs are here incorporated by reference as though fully set forth herein.

68. Defendants subjected Plaintiff and his property to unreasonable searches and seizures without a valid warrant and without reasonable suspicion or probable cause do so.

69. Plaintiff was conscious and fully aware of the unreasonable searches and seizures to her person and property.

70. Plaintiff did not consent to the unreasonable searches and seizures to his person or property.

71. The unreasonable searches and seizures to Plaintiff's person and property were not otherwise privileged.

72. Accordingly, Defendants violated Plaintiff's right to be free from unreasonable searches and seizures, pursuant to the Fourth Amendment to the United States Constitution.

73. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**FIFTH CAUSE OF ACTION**
Assault and Battery Under
New York State Law

74. The above paragraphs are here incorporated by reference as though fully set forth herein.

75. At all relevant times, Defendants caused Plaintiff to fear for her physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

76. Defendants engaged in and subjected Plaintiff to immediate harmful or offensive touching and battered her without his consent or justification.

77. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages.

78. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

79. As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore alleged.

**SIXTH CAUSE OF ACTION**
Excessive Force Under
42 U.S.C. § 1983 Against Individual Defendants

80. The above paragraphs are here incorporated by reference as though fully set forth herein.

81. The Defendants violated Plaintiff's rights under the Fourth and Fourteenth Amendments, because they used unreasonable force without Plaintiff's consent.

82. Defendants engaged in and subjected Plaintiff to immediate harmful or offensive touching and battered her without her consent.

83. As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CAUSE OF ACTION
Conspiracy to Interfere with Civil Rights and Failure to Prevent the Conspiracy under
42 U.S.C. §§ 1983, 1985 and 1986 Against Individual Defendants

84. The above paragraphs are here incorporated by reference as though fully set forth herein.

85. Defendants engaged in a conspiracy against Plaintiff to deprive Plaintiff of her rights to engage in protected speech or activities, to be free from unreasonable searches and seizures, to not be deprived of her liberty or property without due process of law, or of the privileges and immunities under the laws and constitutions of the United States and of the State of New York.

86. Defendants committed overt acts in furtherance of their conspiracy against Plaintiff.

87. As a result, Plaintiff sustained injuries to her person, was deprived of her liberty or was deprived of rights or privileges of citizens of the United States.

88. Defendants' conspiracy was motivated by a desire to deprive Plaintiff of his civil rights or because of some racial, otherwise class-based, invidious or discriminatory animus.

89. The Defendants that did not engage or participate in the conspiracy to interfere with Plaintiff's civil rights, had knowledge that acts in furtherance of the conspiracy were about to be committed or in process of being committed, possessed the power to prevent or aid in the prevention of the conspiratorial objective, and neglected to do so.

90. Accordingly, Defendants violated Plaintiff's rights, pursuant to the Fourth, Fifth, Sixth and/or Fourteenth Amendments to the United States Constitution.

91. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### EIGHTH CAUSE OF ACTION
Failure to Intervene Under
New York State Law

92. The above paragraphs are here incorporated by reference as though fully set forth herein.

93. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct, observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct, and failed to intervene.

94. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

95. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### NINTH CAUSE OF ACTION
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

96. The above paragraphs are here incorporated by reference as though fully set forth herein.

97. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct, and failed to intervene.

98. Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

99. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## TENTH CAUSE OF ACTION
Negligent Hiring, Training, Retention and Supervision Under
New York State Law

100. The above paragraphs are here incorporated by reference as though fully set forth.

101. Defendant City owed a duty of care to Plaintiff to adequately hire, train, retain and supervise its employee Defendants.

102. Defendant City breached those duties of care.

103. Defendant City placed Defendants in a position where they could inflict foreseeable harm.

104. Defendant City knew or reasonably should have known of its employees' propensity for committing civil rights violations.

105. Defendant City failed to take reasonable measures in hiring, training, retaining and supervising its employee Defendants that would have prevented the aforesaid injuries to Plaintiff.

106. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## ELEVENTH CAUSE OF ACTION
Municipal "*Monell*" Liability Under
42 U.S.C. § 1983 Against Defendant City

107. The above paragraphs are here incorporated by reference as though fully set forth.

108. Defendant City maintained a policy or custom that caused Plaintiff to be deprived of his civil rights, tacitly approved of such violative conduct or was deliberately indifferent toward the potential exposure of individuals, such as Plaintiff, to such violative behavior.

109. Defendant City's employee police officers have engaged in an illegal pattern and practice of misconduct, so consistent and widespread that it constitutes a custom or usage, of which a supervisor or policymaker must have been aware of.

110. Defendant City, its policymakers and supervisors failed to provide adequate training or supervision to their subordinates, to such an extent that is tantamount to the City's deliberate indifference toward the rights of those who may come into contact with Defendant City's employees.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

a) In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

b) Awarding Plaintiff punitive damages in an amount to be determined by a jury;

c) Awarding Plaintiff compensatory damages in an amount to be determined by a jury;

d) Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

e) Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: March 8, 2022

Respectfully submitted,

_S/ Sameer Nath_____
Sameer Nath, Esq.
Bar Number: 5403662
Sim & DePaola, LLP
*Attorneys for Ms. Bottomley*
4240 Bell Blvd - Ste 201
Bayside, NY 11361
T: (718) 281-0400
F: (718) 631-2700
snath@simdepaola.com